# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| VERDELL WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:20-cv-00098 |
| DEION STINNETT, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

Verdell Williams, an inmate at the Davidson County Sheriff's Office ("DCSO") in Nashville, Tennessee, filed a *pro se* civil rights action under 42 U.S.C. § 1983 against DCSO Officer Deion Stinnett. (Doc. No. 1.) Plaintiff also filed an application to proceed in this Court without prepaying fees and costs. (Doc. No. 2.) The Complaint is before the Court for an initial screening, as required by the Prison Litigation Reform Act ("PLRA").

## I. Application to Proceed as a Pauper

The Court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears that Plaintiff cannot pay the full filing fee in advance, his application to proceed as a pauper (Doc. No. 2) will be granted. The $350.00 filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

## III. Initial Review

Under the PLRA, the Court must review and dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915A. The Court must construe a *pro se* complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the

factual allegations as true unless they are entirely without credibility. Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)).

A.   **Factual Allegations**

Plaintiff, a convicted prisoner, alleges that he was sitting in a dayroom area at DCSO listening to music through headphones on May 18, 2019. (Doc. No. 1 at 1, 5.) Officer Andrew Clark called Plaintiff by his nickname "Bin Laden" in front of cell block O and told Plaintiff to come to him. (Id.) Officer Clark told Plaintiff that his "Dayroom Rec" was cancelled because Plaintiff did not listen to his direct order. (Id.) As Plaintiff turned to walk away, Officer Deion Stinnett sprayed Plaintiff with mace in the face. (Id. at 5, 7.) Plaintiff "started to defend [him]self," and then Officer Stinnett hit Plaintiff on the left side of his face. (Id. at 7.) Officer Clark put Plaintiff in a "rear neck restraint and took [him] to the ground." (Id.) At that point, Plaintiff was "laying on the floor in a Felony Prone position handcuffed." (Id.) Officer Stinnett continued to repeatedly spray Plaintiff with mace and hit him on the left side of his face and mouth. (Id.)

As a result of this alleged use of force, Plaintiff lost a tooth and received an x-ray. (Id.) Ruby Joyner, the facility administrator, took pictures of Plaintiff's injuries. (Id.) As relief, Plaintiff requests monetary damages from Officer Stinnett. (Id. at 6.)

B.   **Standard of Review**

To determine whether a Complaint "fails to state a claim on which relief may be granted" under the PLRA's screening requirements, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v.

2

Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

C. **Discussion**

"There are two elements to a [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." Handy-Clay v. City of Memphis, Tenn., 695 F.3d 531, 539 (6th Cir. 2012) (citing Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010)).

1. **Capacity of Defendant**

Plaintiff brings this action against a single Defendant, Officer Deion Stinnett, and checked a box on the Complaint form reflecting that Stinnett is named in his official capacity. (Doc. No. 1 at 2.) But Plaintiff did not check either "yes" or "no" next to the phrase "named in individual capacity." (Id.) Thus, Plaintiff affirmatively pleaded that Defendant Stinnett is named in his official capacity, but not whether he is also named in his individual capacity.

"[A] plaintiff's failure to explicitly state 'individual capacity' in the complaint is not necessarily fatal to" an individual-capacity claim. Rodgers v. Banks, 344 F.3d 587, 594 (6th Cir. 2003). Where a plaintiff "'fails to affirmatively plead capacity in the complaint, [the Court] then look[s] to the course of proceedings to determine whether' the defendants received sufficient notice that they might be held individually liable." Goodwin v. Summit Cty., 703 F. App'x 379, 382 (6th Cir. 2017) (quoting Moore v. City of Harriman, 272 F.3d 769, 771 (6th Cir. 2001)). In

3

considering "the defendants' notice of their potential individual liability," the Court analyzes "factors [such] as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint." Id. (quoting Moore, 272 F.3d at 772 n.1).

Here, the nature of Plaintiff's claim is that Defendant Stinnett personally used excessive force against him on May 18, 2019. The caption of the Complaint also refers to Defendant Stinnett by name rather than his official title (Doc. No. 1 at 1), and Plaintiff specifically requests monetary damages from Stinnett (id. at 6). These factors all reflect that the Complaint provides sufficient notice to Defendant Stinnett of his potential individual liability. See Moore, 272 F.3d at 773. Accordingly, the Court will consider Plaintiff's claims against Stinnett in both his official and individual capacity.

### 2. Dismissal of Official Capacity Claim

Defendant Stinnett is an employee of Davidson County Sheriff's Office. (Doc. No. 1 at 2.) "[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent." Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)). Thus, Plaintiff's official capacity claim is essentially a claim against Davidson County. To state a claim against a municipal entity like Davidson County, however, Plaintiff must allege that he "suffered a constitutional violation" and that the County's "policy or custom directly caused the violation." Hadrick v. City of Detroit, Mich., 876 F.3d 238, 243 (6th Cir. 2017) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690–92 (1978)). And here, Plaintiff does not allege that the allegedly unconstitutional conduct in the Complaint was caused by a policy or custom of Davidson County. Plaintiff, therefore, fails to state a claim against Davidson County, and his official capacity claim against Defendant Stinnett will be dismissed.

### 3. Individual Capacity Excessive Force Claim

Plaintiff alleges that Defendant Stinnett repeatedly sprayed him with mace and physically attacked him on March 18, 2019. (Doc. No. 1 at 5, 7.) The Eighth Amendment protects prisoners from cruel and unusual punishment, including the right to be free from excessive force by prison officials. Burgess v. Fischer, 735 F.3d 462, 472 (6th Cir. 2013) (citing Whitley v. Albers, 475 U.S. 312, 318–22 (1986)). This claim has objective and subjective components. Cordell v. McKinney, 759 F.3d 573, 580 (6th Cir. 2014) (citing Santiago v. Ringle, 734 F.3d 585, 590 (6th Cir. 2013)). For the objective component, a plaintiff must demonstrate that a prison official inflicted pain that was "sufficiently serious" based on "contemporary standards of decency." Id. at 585 (quoting Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011)). The subjective component requires the Court to consider whether the alleged force applied by a prison official was "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 580 (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)).

Here, taking Plaintiff's allegations as true, the Court concludes that Plaintiff has stated an excessive force claim against Defendant Stinnett in his individual capacity.

## III. Conclusion

For these reasons, Plaintiff's application to proceed as a pauper will be granted and his excessive force claim against Defendant Stinnett in his individual capacity will be referred to the Magistrate Judge for further proceedings consistent with the accompanying Order.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE