IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VERDELL WILLIAMS ) | |
|     Plaintiff, ) | |
| v. ) | Civil Action No. 3:20-cv-98 |
| ) | Chief Judge Crenshaw/Frensley |
| DEION STINNETT ) | |
|     Defendant. ) | |

## REPORT AND RECOMMENDATION

On February 13, 2020, the Court referred this prisoner civil rights action for pretrial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court. Docket No. 5.

Plaintiff Verdell Williams filed this action while an inmate at the Davidson County Sheriff's Department. His complaint concerns events that occurred when he was being housed with the Davidson County Sheriff's Office. Docket No. 1 Plaintiff filed this pro se and *in forma pauperis* action pursuant to 42 U. S. C. § 1983, seeking relief against prison official based on allegations that his constitutional rights were violated. Docket No. 2.

Upon initial review, the Court concluded that Plaintiff stated an Eighth Amendment excessive force claim against Defendant Deion Stinnett in his individual capacity. Docket No. 5.

Pursuant to the February 13, 2020 Order, the Clerk mailed to Plaintiff a summons (Docket No. 8) to serve on Defendant Stinnett. Docket No. 5. Plaintiff filed the summons on February 26, 2020 and on March 17, 2020; the summons was returned unexecuted. Docket No. 9. The docket for the case indicates that Plaintiff has had no contact with the Court or made any filings since a Notice of Change of Address on October 13, 2020. Docket No. 10.

Rule 4(m) requires that the defendants be served with process within 90 days of the date

this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because Defendants in this case have not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's failure to serve or even attempt to serve the Defendant as directed or to otherwise take any activity in the case for over one year after being put on notice that service had not been perfected indicates that he has lost interest in prosecuting his case.

For the reasons set forth herein, the Court respectfully recommends this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas*

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.

*v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**